**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-21-JBC**

**JUDY HOWARD,**                                                                 **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                       **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon plaintiff's motion for payment of attorneys' fees pursuant to 42 U.S.C. §406(b)(1). R. 19.  For the reasons stated below, the court will grant the motion in part.

**I.     Background**

Plaintiff's attorney, Mr. Cybriwsky, is seeking a fee of $9,000 for representation of Ms. Howard.  Mr. Cybriwsky represented the plaintiff before this court in a Social Security disability case.  According to the record, Mr. Cybriwsky filed with this court a complaint for disability benefits, alleging that the Administrative Law Judge (ALJ) had incorrectly denied the plaintiff money due her for a period of disability, as well as a motion for leave to proceed *in forma pauperis*. R. 1, 2.  In its answer, the Commissioner admitted that the final decision of the Social Security Administration ("SSA") had not been supported by substantial evidence.  R. 9, ¶1.  The Commissioner moved this court to remand the case to the

Commissioner for further administrative proceedings, pursuant to sentence four of

42 U.S.C. SS 405(g). R. 8. This court remanded the case. R. 10, 11. Mr.

Cybriwsky's representation of Ms. Howard was thus extremely limited and did not

extend beyond the filing of basic, boilerplate pleadings.

After remand, Mr. Cybriwsky petitioned this court for an award of attorney's

fees, pursuant to the Equal Access to Justice Act ("EAJA"). R. 12. The SSA and

Mr. Cybriwsky subsequently reached an agreement as to an appropriate EAJA

award of $1,250 plus $104.15 in expenses and presented this court with an

agreed order to that effect. R. 14. This court granted the agreed order. R. 15.

During the administrative proceedings, the plaintiff was represented by

another attorney, Mr. Stephen Calvert. Mr. Calvert was successful in obtaining a

favorable decision for the plaintiff, and the plaintiff received an award of $47,430

in past-due benefits. The Commissioner withheld twenty-five percent of that

amount ($11,857.50) for payment of attorneys' fees. Mr. Calvert, pursuant to 42

U.S.C. 406(a), filed a fee agreement with the Commissioner for the work

performed at the administrative level. He received a payment of $5,300.

Mr. Cybriwsky then filed with this court a notice of the favorable decision.

R. 18. He subsequently filed the instant motion. R. 19.

The Commissioner argues that Mr. Cybriwsky's request must be denied

because it would result in a total payout of attorneys' fees of more than twenty-

five percent of Ms. Howard's past-due benefits. The Commissioner further argues

2

that Mr. Cybriwsky should receive no more than a total fee of $2,475 (9.9 hours of work at a rate of $250.00 per hour).

## II.   Analysis

Under 42 U.S.C. § 406(b), when a "court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment."[1]  "By reason of" this court's remand, the Commissioner altered the onset date, entitling the plaintiff to further past benefits.  "[Section] 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

In reviewing a contingent fee agreement, a court should first look to the terms of the agreement and confirm that the fee requested is within the guidelines

[1]The court has the authority to award court-related fees pursuant to Section 406(b) even though the benefits award itself was made by the commissioner on remand.  *Horenstein v. Sec'y of Health and Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994) ("In cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee limited to 25 percent of past-due benefits - for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Hodges-Williams v. Barnhart,* 400 F.Supp2d 1093, 1098 (N.D.Ill. 2005)("[T]his Court issued a favorable judgment remanding plaintiff's case back to the Commissioner for further proceedings.  The Commissioner then awarded Plaintiff benefits.  In light of [recent case law], this Court has jurisdiction to award attorney's fees pursuant to § 406(b)(1).").

3

provided by the statute, then test it for reasonableness. *Id.* at 808. When the

amount requested is within the twenty-five-percent cap, the attorney for the

successful claimant must show that the fee sought is reasonable for the services

rendered, and "[i]f the benefits are large in comparison to the amount of time spent

by counsel in the case, a downward adjustment may be in order." *Id.*; *see also*

*Crawford v. Astrue*, 545 F.3d. 854 (9th Cir. 2008).

Deductions are permissible under only two circumstances: "(1) those

occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in

which counsel would otherwise enjoy a windfall because of either an inordinately

large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health*

*and Human Services,* 923 F.2d 418, 420-21 (6th Cir. 1990). Here, only the

second circumstance is alleged by the defendant.

The amount requested is within the twenty-five-percent parameter set by

section 406(b).[2] The plaintiff's attorney, Mr. Cybriwsky, has requested $9,000,

---

[2]The defendant argues that the court should find that the *total* attorneys'
fees granted under sections 406(a) and 406(b) must be capped at twenty-five
percent of past-due benefits. The defendant asserts that the Sixth Circuit Court of
Appeals did not resolve this question in *Horenstein.* Here, if $9,000 were granted,
the total attorneys' fees would be $14,300, which is more than twenty-five
percent of past-due benefits. The court, however, will first examine the request in
isolation before jumping to an analysis of whether the amount granted under 406(b)
is affected by the amount granted under 406(a). And, given the court's conclusion
that Mr. Cybriwsky is not entitled to the full $9,000, the court does not find it
necessary to consider the argument made by the defendant. The court does note,
however, that the defendant's narrow reading of *Horenstein* has recently been
called into question by the Circuit Courts of Appeals of two other districts. *See*
*Clark v. Astrue*, 529, F.3d 1211 (9th Cir. 2008) ("Based on the plain text of the
statute, the Sixth and Tenth Circuits have held section 406(b)'s cap on attorney's

approximately $2,000 less than twenty-five percent of the amount of past-due

benefits that the plaintiff received after remand.  Although Mr. Cybriwsky does not

explain his method for arriving at this amount, it is approximately equal to $325

multiplied by 28 hours, the amount of hours claimed by Mr. Cybriwsky.  In his fee

agreement with the plaintiff, the plaintiff agreed to pay either twenty-five percent

of benefits awarded or an hourly rate of $325 per hour spent litigating the case

before the federal court.[3]  Both of these potential methods of calculating the

attorney's fee were contingent on the plaintiff's winning the case.  Thus, although

the fee sought is not the usual "twenty-five percent of past-due benefits"

contingent fee, it is still a contingent fee, and the court will review it as such.  In

requesting $325 per hour for 28 hours of work, Mr. Cybriwsky is essentially

requesting that the court enforce his contingent fee agreement.

Because the amount requested is less than twenty-five percent of the past-

due benefits awarded by the ALJ, the court will now turn to whether the amount

requested is reasonable.  The fact that Mr. Cybriwsky has requested less than the

---

fees applies only to fees awarded under 406(b) and does not limit the combined
fees awarded under both 406(a) and 406(b)."); *Wrenn v. Astrue*, 525 F.3d 931,
936 (10th Cir. 2008).

[3]The fee agreement states, "In return [for representation], I [the plaintiff]
agree to pay Hon. Wolodymyr Cybriwsky a sum equal to either twenty-five (25)
percent of past-due benefits awarded to me and my family in the event the case is
won or renumerate [sic] him for his time expended at the rate of no less than
$200.00 per billable hour for administrative level work and a base of $325.00 per
billable hour in federal appeals.  No attorney fee will be charged if we do not win
the case." R. 19, exhibit.

twenty-five percent figure does not eliminate the need for the court's analysis. *See Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) ("[T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the "reasonableness" of the award up to that maximum."). The court will consider first the rate sought and then the number of hours Mr. Cybriwsky claims are compensable under the agreement.

The court finds that the hourly rate sought by Mr. Cybriwsky is reasonable. An hourly rate that is twice the attorney's standard rate is *per se* reasonable where the contract is made contingent on the client's ultimate success. *Hayes*, 923 F.2d at 422. While usually in such a situation a court is considering a hypothetical hourly rate, determined by dividing twenty-five percent of the amount of past-due benefits by the number of hours claimed – in order to double-check the reasonableness of a fee – there is no reason not to use the same rubric when the agreement, as here, specifically references an hourly rate. Mr. Cybriwsky has submitted to the court documentation that, according to the U.S. Department of Labor, Bureau of Labor Statistics, a rate of $246.60 per hour was the U.S. city average in February of 2006 when Ms. Howard signed the agreement. R. 19, exhibit. Even if the rate for this specific region is less, $325 is doubtlessly within the range of twice a reasonable hourly rate for Kentucky.

However, the court must now consider two questions affecting how many

6

hours Mr. Cybriwsky may claim at this rate: what work was covered by the contingent agreement and, of that work, how much of it was before this court.

The timing of the agreement does alter the span of time the court analyzes to determine whether the fee is reasonable.  In this case, the client did not sign the attorney-client contingency fee agreement until February 16, 2006.  Mr. Cybriwsky filed the complaint and motion for leave to proceed *in forma pauperis* on January 18, 2006, and the motion for leave to proceed *in forma pauperis* was granted on January 24, 2006.  R. 1, 2, 3.  The language of the agreement makes no reference to the client's potential liability for hours already expended on her behalf.  According to a basic principle of contract law, any ambiguity in a contract is construed against its drafter.  This rule is especially appropriate where, as here, the contract was drafted by and on behalf of an attorney.  *See Henslee, Monek & Henslee v. D.M. Cent. Transp., Inc.*, 870 F.Supp 764, 769 (E.D. Mich. 1994).  The court reads this agreement to apply only to work done after the agreement was signed.

Furthermore, a court may award fees only for the work actually done before it.  *Horenstein v. Sec'y of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994).  Hours spent "before the court" do not include hours that the attorney spent monitoring the case's progress at the administrative level.  From February 16, 2006, forward, plaintiff's counsel spent a total of 13.3 hours on matters before this court.  Those hours were spent in pursuit of attorney's fees, mostly on the

7

successful EAJA fee application.  In light of the fact that EAJA fees will alter the amount the plaintiff will owe under §406(b), the hours spent litigating those fees somewhat aided the plaintiff.[4]

The defendant argues that the work done before this court following the successful administrative proceedings was mainly intended to lay the groundwork for filing the instant motion for attorney's fees.  However, Mr. Cybriwsky has not claimed compensation for time spent actually drafting and filing his motion for attorney's fees.  R. 19, p. 9.  The court therefore finds that the time spent by the attorney from July 1, 2007, forward is compensable.

Despite the timing of the agreement and although the only matters actually litigated before this court have pertained to attorney fees, the court is mindful that when two parties enter into an arm's-length agreement, due deference should be given to the intention of the parties.  *Rodriquez,* 865 F.2d at 746.  As the Supreme Court has recognized, "[t]he marketplace for Social Security representation operates largely on a contingency fee basis."  *Gisbrecht,* 535 US. at 804.  Mr. Cybriwsky's work on this case, while quite limited, was valuable to Ms. Howard, in that his filing of the original complaint was necessary to bring the case to the attention of the government so that it could issue its voluntary remand.  Furthermore, this is not a situation where the court is finding the fee dictated by the agreement

_____

[4] An Equal Access to Justice Award offsets an award under § 406(b), as the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 796.

8

unreasonable and making reductions from a benchmark figure of twenty-five percent of benefits.  *See Rodriquez*, 865 F.2d at 746 ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate.").  Rather, the court is giving effect to the attorney-client agreement, to the extent it covers the work claimed, and to the extent the work claimed was work done before this court.  The court believes that by thus limiting the fee agreement to its appropriate scope, the fee awarded reflects the limited nature of the work done by Mr. Cybriwsky.  As the Sixth Circuit Court of Appeals has observed, "[c]ontingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast."  *Royzer v. Sec'y of Health and Human Services*, 900 F.2d 981, 982 (6th Cir. 1990).

**III.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees, pursuant to 42 U.S.C. § 406(b)(1), (R.19) is **GRANTED**, and $4,322.50 plus $104.13 of expenses[5] will be paid to plaintiff's counsel.

**IT IS FURTHER ORDERED** that plaintiff's counsel will return to Ms. Judy Howard the $1,250 received in EAJA fees.

---

[5]Although the affidavit of expenses filed by Mr. Cybriwsky is neither signed nor notarized, the court has on file an identical and properly authenticated affidavit, attesting to expenses of $104.13, from Mr. Cybriwsky's earlier petition under the EAJA.  R. 12, attachment 1.

9

Signed on  January 26, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

10