**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-21-JBC**

**JUDY HOWARD,**                                                                            **PLAINTIFF,**

**V.**                                 **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's motion for reconsideration of the court's previous order on attorney fees (R. 25).  The court will grant the motion and award plaintiff's counsel the $9,000.00 in attorney's fees that he requests.

**I.     Background**

Plaintiff's counsel, Mr. Cybriwsky, is seeking a fee of $9,000 for representation of Ms. Howard, pursuant to 42 U.S.C. § 404(b).  In its opinion issued January 29, 2009, this court awarded him attorney fees of $4,322.50.  To arrive at this sum, the court reduced from 28 hours to 13.3 hours the number of compensable hours and multiplied by an hourly rate of $325 per hour.

As set forth in the court's previous opinion, plaintiff's counsel represented the plaintiff before this court in a Social Security disability case.  He filed with this court a complaint for disability benefits, alleging that the Administrative Law Judge

(ALJ) had incorrectly denied the plaintiff money due her for a period of disability, as well as a motion for leave to proceed *in forma pauperis*.  R. 1, 2.  In its answer, the Commissioner admitted that the final decision of the Social Security Administration ("SSA") had not been supported by substantial evidence, and at the Commissioner's request, this court remanded the case for further proceedings.  *See* R. 8, 9, 10, 11.

After remand, plaintiff's counsel petitioned this court for an award of attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA").  R. 12.  The SSA and plaintiff's counsel subsequently reached an agreement as to an appropriate EAJA award of $1,250 plus $104.15 in expenses and presented this court with an agreed order to that effect.  R. 14.  This court signed the agreed order.  R. 15.

During the administrative proceedings, the plaintiff was represented by another attorney, Mr. Stephen Calvert.  Mr. Calvert was successful in obtaining a favorable decision for the plaintiff, and the plaintiff received an award of $47,430 in past-due benefits.  The Commissioner withheld twenty-five percent of that amount ($11,857.50) for payment of attorneys' fees.  Mr. Calvert, pursuant to 42 U.S.C. § 406(a), filed a fee agreement with the Commissioner for the work performed at the administrative level.  He received a payment of $5,300.

Plaintiff's counsel then filed with this court a notice of the favorable decision.  R. 18.  He subsequently filed a motion for attorney's fees (R.19).  The defendant

2

opposed the request, in part because he maintained that the sum of fees awarded by the administration under section 406(a) and by this court under section 406(b) must be capped at twenty-five percent of the claimant's past-due benefits.  R. 20. The court granted plaintiff's counsel's request in part, awarding him $4,322.50 rather than $9,000.00.  R. 19.

He now requests that the court re-visit its analysis of his previous request. The Commissioner argues that the court was within its discretion in awarding the reduced fee.

## II.    Analysis

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that, absent relief, a manifest injustice will result. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).  Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374.

Plaintiff's counsel argues that the court made a clear error of law in calculating a reasonable fee by multiplying hours expended by an hourly rate rather than enforcing the contingent-fee agreement for twenty-five percent of any past-

3

due benefits his client received.  He maintains that the court thereby neglected to apply the correct legal rules as set forth in *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002) and *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir. 1989).  The court agrees that its previous opinion was in error and will award Cybriwsky $9,000.00 in attorney fees.

A.     An Attorney-Fee Award of $9,000 is Appropriate.

A contingent-fee agreement between counsel and a claimant should be honored and enforced by the court if the agreement provides payment not in excess of twenty-five percent of past-due benefits.  *Gisbrecht,* 535 U.S. 789, 807-09; *Rodriquez,* 865 F.2d at 746.  Importantly to the present analysis, the court must grant a presumption of reasonableness to a fee that is allowable under the agreement and is twenty-five percent of past-due benefits.  *Gisbrecht*, 535 U.S. at 808-09; *Rodriquez*, 865 F.2d at 746.

In *Gisbrecht*, the Supreme Court overturned a lower court decision that "rest[ed] on lodestar calculations and reject[ed] the primacy of lawful attorney-client fee agreements."  535 U.S. at 793.  The *Gisbrecht* court concluded that an agreement for twenty-five percent of past-due benefits should be enforced and that the role of the court was to "review such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807; *see Rodriguez*, 865 F.2d at 746.  "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for

4

reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  The court may use a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent fee cases "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id.*

     *Rodriquez*, cited with approval by the *Gisbrecht* court, delineates the steps the court must take in reviewing a request for attorney fees made under section 406(b).  The court must consider the "benchmark" of twenty-five percent of past-due benefits "as a starting point for the court's analysis."  865 F.2d at 746.  Then, the court verifies that the plaintiff and counsel entered into a contingency fee agreement for twenty-five percent of past-due benefits.  *Id.*  If they did, the court must give the agreement for twenty-five percent of past due benefits "the weight ordinarily accorded a rebuttable presumption." *Id.*  The court may use hours and hourly rates as a way of testing the reasonableness of the fee.  *Id.*; *see Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez* for proposition that court may assess reasonableness of fee of twenty-five percent of past-due benefits based on hours expended multiplied by hourly rate).  The court may then make deductions from that "benchmark," and such deductions "generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2)

situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

The instant fee agreement contains the possibility of recovery of a fee based on either hours worked multiplied by an hourly fee *or* twenty-five percent of past-due benefits.[1]  As both possibilities were conditioned on the client's prevailing on her claims, the court considered the agreement in its entirety to be a "contingency fee agreement" that the court must enforce.

Plaintiff's counsel now argues that the $325 hourly rate referenced in the agreement is not the hourly rate he would seek for the work done for this plaintiff. Relying on *Hayes v. Sec'y of Health and Human Servs.,* 923 F.2d 418 (6th Cir. 1990), counsel asserts that the $325-per-hour figure is his base hourly rate and the court should consider twice that figure ($650) as the appropriate hypothetical hourly rate in this case.  *See Hayes*, 923 F.2d at 422 ("A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis.").  It is not clear that counsel's interpretation of that portion of the contingency fee agreement is valid; the plain language of the

---

[1]"I agree to pay Hon. Wolodymyr Cybriwsky a sum equal to either twenty-five (25) percent of past-due benefits awarded to me and my family in the event the case is won or renumerate [sic] him for his time expended at the rate of no less than $200.00 per billable hour for administrative level work and a base of $325.00 per billable hour in federal appeals.  No attorney fee will be charged if we do not win the case."

agreement suggests that the hourly fee the claimant and attorney agreed to is $325, contingent upon success of the case.

However, the appropriate place for the court to begin its analysis is with the benchmark of twenty-five percent of the benefits awarded to the plaintiff. Here, that figure is $11,857.50. As directed by *Rodriquez*, the court next looks to whether there is a contingent fee agreement in place between counsel and the plaintiff. There is such an agreement, and it does provide that if the plaintiff's case is successful, counsel will be awarded twenty-five percent of the past-due benefits awarded to the plaintiff. The court will next assess the reasonableness of a fee of $11,857.50.

Under *Rodriguez*, a fee of that amount is presumptively reasonable. Here, counsel requests only $9,000. The court will consider $9,000, then, as a suggested end point for any downward adjustment rather than the point at which the court begins its analysis. The defendant does not argue that counsel's representation was either ineffective or improper, only that the award is a "windfall" and that plaintiff's counsel does not deserve compensation for all twenty-eight of the hours he has claimed.

In its previous order, the court agreed with the defendant that all twenty-eight hours were not compensable. However, upon reconsideration, the court concludes that basing its award on a meticulous accounting of the hours is inappropriate.

7

First of all, reducing the number of compensable hours would only increase the hypothetical hourly rate, and courts have approved a wide range of hypothetical hourly rates.  *See  Ash v. Comm'r of Social Sec.*, No. 06-648, 2009 WL 1035219, at *3 (S.D. Ohio April 16, 2009) (finding hypothetical rate of $443.50 per hour approximately twice the standard rate for Greater Cincinnati area); *Hounshell v. Astrue*, No. 04-509, 2009 WL 127667, at *1-2 (E.D. Ky. Jan. 16, 2009) (finding hypothetical hourly rate of $169.70 reasonable); *Lockridge v. Astrue*, No. 04-499, 2009 WL 127668, at *2 (E.D. Ky. Jan 16, 2009) (granting award with hypothetical hourly rate of $702.13 where counsel experienced); *Rose v. Astrue*, No. 08-01, 2008 WL 5263777 (E.D. Ky. Dec. 17, 2008) (calculating approximate hourly rate of $250, or twice the EAJA rate of $125); *Walton v. Comm'r of Social Sec'y*, No. 06-CV-398, 2008 WL 5244650 (Dec. 15, 2008) (finding award with hypothetical rate of $507.48 reasonable, where counsel's base rate was $350). Even were the court to approve its previous finding that only 13.3 hours were compensable, such a finding would not render the requested fee unreasonable but would merely increase the hypothetical hourly rate to $676.69.  Furthermore, as instructed by *Gisbrecht*, documentation of hours expended should not become a source of "satellite litigation."  The court is therefore not inclined to engage in an extensive analysis of the hours claimed.

However, even if the court were willing to reduce the number of compensable hours, the resulting high hourly rate alone would not justify the court's refusal to grant plaintiff's counsel's request.  *See Fee v. Astrue*, No. 06-CV-

8

14473, 2009 WL 91297, at *2 (E.D. Mich. Jan. 14, 2009) (noting defendant's objections to number of hours claimed but observing higher rate still reasonable absent argument rebutting reasonableness of the fee).   The creation of a hypothetical rate by dividing the fee by the number of hours expended is merely one tool for the court to use in double-checking the reasonableness of a fee request.   The court should also consider other factors, such as the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808; *see also Rodriquez*, 865 F.2d at 746.

The Commissioner argues that counsel's work before this court required little expertise and recommends a downward adjustment and a calculation of an award based on an hourly fee of $250.  However, he does not argue that counsel submitted only "boilerplate pleadings." *See Rodriquez*, 865 F.2d at 747 (observing that where attorney submitted only boilerplate pleadings and no legal research evident, benchmark of twenty-five percent of past-due benefits inappropriate). Although counsel's work before this court was minimal, it was crucial to the plaintiff's ultimate success in recovering benefits.  Counsel achieved favorable results for the plaintiff.  In addition, the amount requested by counsel is $2,857.50 less than the presumptively reasonable amount of $11,857.50.  The court is not convinced that the defendant has rebutted the presumption that twenty-five percent of past-due benefits is an appropriate fee, much less that he has demonstrated that an additional downward adjustment is warranted.

A fee of $9,000.00 is appropriate.  As the court noted in its previous

opinion, "[c]ontingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast." *Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

B.      The Twenty-Five Percent Cap Provided for in Section 406(b) Does Not Apply to Total Attorney Fee Awards under Sections 406(a) and (b).

The court now must confront an issue presented in the defendant's response to the initial motion that it previously did not need to confront: the defendant argues that any fees awarded under section 406(a) should be considered in determining the amount awarded under section 406(b) so that the aggregate fee paid by the claimant does not exceed twenty-five percent of past-due benefits. Here, if $9,000 is granted, the total attorneys' fees will be $14,300, which is more than twenty-five percent of past-due benefits.

The defendant contends that the Sixth Circuit Court of Appeals has not yet decided this issue, and capping the total of the fees paid to counsel for both administrative and court-level proceeding honors the congressional intent to limit the erosion of past-due benefits by attorney fees.  Based on its reading of *Horenstein v. Sec'y of Health and Human Servs.,* 35 F.3d 261 (6th Cir. 1994), however, the court concludes that under the law of the Sixth Circuit, the twenty-five percent cap on section 406(b) fees does not apply to limit the total fees awarded under both sections of the statute.

In *Horenstein*, the district court had enjoined the Secretary of Heath and

10

Human Services (the equivalent of the defendant Commissioner) from "enforcing two administrative rulings that limit[ed] attorney fees to 25 percent of past-due benefits in social security cases resolved at the administrative level."  35 F.3d 261, 261.  These administrative rulings had been enacted with the purpose of enforcing the rule set forth in *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972). *Id.* at 262. In *Webb*, the court had held that only the tribunal that "ultimately upholds the claim for benefits . . . can approve and certify payment of an attorney fee, and that the fee cannot exceed 25% of the past-due benefits awarded by that tribunal." *Id.* (quoting *Webb*, 472 F.2d at 536).  Thus, not only did *Webb* establish that only either the administrative court or the federal court could award attorney fees (known as the "single tribunal rule"), *Webb* also established an "accompanying blanket 25 percent cap on fee awards." *Horenstein*, 35 F.2d at 262.  The *Horenstein* court overruled *Webb*, reasoning that neither the "single tribunal rule" nor this "accompanying" rule is supported by the plain language of the statute. *Id.* In doing so, it expressly disapproved both the "single tribunal rule" *and* the accompanying fee cap rule.[2]

The defendant maintains that *Horenstein* did not resolve the instant question

---

[2]Other circuits have recognized that part of *Webb*'s holding was this "accompanying rule," and have cited *Webb* as a case supporting a finding that total fees under both 406(a) and 406(b) must be capped at twenty-five percent of past-due benefits.  *See  Harris v. Sec'y of Health and Human Servs.*, 836 F.2d 496, 498 n.1 (10th Cir. 1987), *overruled by Wrenn v. Astrue*, 525 F.3d 931(10th Cir. 2008) (citing *Webb* as establishing cap on total of both fees); *Morris v. Social Security Admin.*, 689 F.2d 495 (4th Cir. 1982) (citing *Webb* as consistent with a cap on total of both fees).

and addressed only whether the Commissioner could cap the section 406(a) award at twenty-five percent of past-due benefits.  The *Horenstein* court, however, clearly aimed to do more than the defendant allows.  The *Horenstein* court held that any fee provided by the administrative court under section 406(a) is separate from any fee awarded by the district court under section 406(b) and explicitly addressed how the separate nature of the awards answers the question posed by the defendant in this case:

> We overrule *Webb* and join the majority of circuits which hold that each tribunal may award fees only for the work done before it.  We recognize that Congress made distinct and explicit provisions for a "reasonable fee" for work done before the Secretary under section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits.  Likewise, we recognize that section 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total of the past-due benefits."  Thus, for services performed before the Secretary, the Secretary is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. s 406(a)(2)(A).  For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits.  Finally, in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein*, 35 F.2d at 262.

Thus, *Horenstein* directs courts to address the attorney-fee award under section 406(b) separately from any award granted under section 406(a).  Other courts have recognized that *Horenstein* sets the rule in the Sixth Circuit that the twenty-five percent cap on section 406(b) fees does not apply to the total of

12

attorney fees awarded under both section 406(a) and (b). *See Clark v. Astrue*, 529, F.3d 1211 (9th Cir. 2008) ("Based on the plain text of the statute, the Sixth and Tenth Circuits have held section 406(b)'s cap on attorney's fees applies only to fees awarded under 406(b) and does not limit the combined fees awarded under both 406(a) and 406(b)."); *Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008).

Under the defendant's interpretation of *Horenstein*, the last sentence of the above-quoted language, which clearly directs this court to award a fee independent of any fee awarded at the administrative level, is *dicta*. Even if it were, the court would reach the same result. *See Whisman v. Astrue*, No. 07-122, 2008 WL 5173466 (E.D. Ky. Dec. 10, 2008) (rejecting same argument made by defendant here, finding *Horenstein* language quoted above directed result of no cumulative cap and even if language were *dicta*, finding it persuasive).

**III. Conclusion**

Accordingly, **IT IS ORDERED** that the plaintiff's motion for reconsideration (R. 25) is **GRANTED** and the court's previous order (R. 24) is **RESCINDED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorney fees (R. 19) is **GRANTED** and $9,000.00 plus $104.13 of expenses[3] will be paid to plaintiff's counsel.

---

[3]Although the affidavit of expenses filed by Mr. Cybriwsky is neither signed nor notarized, the court has on file an identical and properly authenticated affidavit, attesting to expenses of $104.13, from Mr. Cybriwsky's earlier petition under the EAJA. R. 12, attachment 1.

**IT IS FURTHER ORDERED** that plaintiff's counsel will return to Ms. Judy

Howard the $1,250 received in EAJA fees.

Signed on  July 27, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

14